J-A23007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| GEORGE COBBS | : | |
| | : | |
| Appellant | : | No. 579 WDA 2018 |

Appeal from the PCRA Order, April 10, 2018,
in the Court of Common Pleas of Allegheny County,
Criminal Division at No(s): CP-02-CR-0001131-1978,
CP-02-CR-0002915-1979, CP-02-CR-0002950-1979,
CP-02-CR-0002962-1979, CP-02-CR-0003639-1978,
CP-02-CR-0003663-1978, CP-02-CR-0003664-1978.

BEFORE: BENDER, P.J.E., KUNSELMAN, J., and MUSMANNO, J.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED OCTOBER 18, 2019**

George Cobbs appeals *pro se* from the order denying as untimely his serial petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

In a prior appeal denying post-conviction relief, this Court summarized the pertinent facts and procedural history as follows:

> On June 13, 1979, at the conclusion of a jury trial, [Cobbs] was convicted of two counts of first-degree murder, three counts of robbery, one count of aggravated assault, and two firearms violations. On January 3, 1980, he was sentenced to, *inter alia*, two terms of life imprisonment. No direct appeal was taken from the judgment of sentence.
>
> On October 4, 1988, [Cobbs] filed a *pro se* [PCRA petition]. [Cobbs] was appointed counsel. A hearing was held on December 21, 1988. Following the hearing, the court reinstated [Cobbs'] right to an appeal *nunc pro tunc*,

and his right to file post-sentence motions. Subsequently, post-sentence motions were filed; they were denied on July 21, 1995. [Cobbs] filed a direct appeal *nunc pro tunc*, and this Court affirmed [Cobbs'] judgment of sentence on July 30, 1996. ***See Commonwealth v. Cobbs***, 685 A.2d 207 (Pa. Super. 1996) (unpublished memorandum). The Pennsylvania Supreme Court denied [Cobbs'] petition for allowance of appeal on May 21, 1998. ***See Commonwealth v. Cobbs***, 719 A.2d 744 (Pa. 1998).

[Cobbs] filed a second *pro se* PCRA petition on December 23, 1998. [After appointed counsel filed a no-merit letter, the PCRA court dismissed the petition.]

\*\*\*

This Court affirmed the dismissal of [Cobbs'] PCRA petition on March 26, 2003. ***See Cobbs***, 833 A.2d 1023 (Pa. Super. 2003).

[Cobbs] filed [his third petition, *pro se*,] on July 16, 2013. The court issued a Rule 907 notice of intent to dismiss on September 24, 2013. [Cobbs] filed an objection, but the court dismissed [Cobbs'] petition on January 29, 2014. [Cobbs] filed a timely *pro se* appeal, as well as a timely concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b).

***Commonwealth v. Cobbs***, 113 A.3d 343 (Pa. Super. 2014), unpublished memorandum at 1-3.

This Court determined that Cobbs' third PCRA petition was untimely. We therefore affirmed the PCRA court's denial of post-conviction relief. ***See id.*** Thereafter, Cobbs filed a petition for allowance of appeal, which our Supreme Court denied on February 11, 2015. ***Commonwealth v. Cobbs***, 110 A.3d 996 (Pa. 2015).

On March 15, 2016, Cobbs filed another *pro se* petition for writ of *habeas corpus ad subjiciendum*. The PCRA court treated it as a PCRA petition and, by

- 2 -

order entered November 14, 2016, the PCRA court ultimately denied the petition. Cobbs did not file an appeal.

On December 6, 2016, Cobbs filed yet another petition for writ of *habeas corpus ad subjiciendum*—the petition at issue, his fifth—in the civil division of the court of common pleas. The civil division transferred the petition to the criminal division. The PCRA court appointed counsel, who once again filed a **Turner**/**Finley** letter and motion to withdraw. On December 19, 2017, the PCRA court granted counsel's motion to withdraw and issued Rule 907 notice of its intention to dismiss the petition without a hearing. Cobbs did not file a response. By order entered April 10, 2018, the PCRA court denied his petition. This timely appeal followed. Both Cobbs and the PCRA court have complied with Pa.R.A.P. 1925.

Cobbs raises the following issues on appeal:

I.    Was the re-arrest of [Cobbs] an arbitrary act of malfeasance that rendered any further action taken a legal nullity?

II.   Did the PCRA Court reversibly err in converting [Cobbs'] writ of Habeas Corpus Subjiciendum into a PCRA when the issue regarding the legality of [Cobbs'] detention is not cognizable under [the PCRA]?

III.  Was the PCRA Court's failure to forward its notice of intent to dismiss a procedural breakdown and thus a violation of [Cobbs'] right to due process?

IV.   [Was] the PCRA Court's misinterpretation that [Cobbs'] claims were filed under CC197801-1131 a reversible error?

Cobbs' Brief at vii.

We first address Cobbs' second issue in which he asserts that the PCRA court erred in treating his petition for writ of *habeas corpus ad subjiciendum* as a serial PCRA petition. This Court rejected Cobbs' argument when we affirmed the denial of post-conviction relief in 2014. In doing so, we quoted the following language from **Commonwealth v. Taylor**, 65 A.3d 462 (Pa. Super. 2013):

> It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus*. Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. Phrased differently, a [PCRA petitioner] cannot escape the PCRA time-bar by titling his petition or motion as a writ of *habeas corpus*.

**Cobbs**, unpublished memorandum at 3-4 (citations omitted). We then explained why Cobbs' challenge to "the propriety of the Commonwealth's re-fling of criminal informations" constituted a cognizable claim under the PCRA:

> The exact nature of [Cobbs'] claim is not clear. However, it appears that the claim implicates the legality of [Cobbs'] conviction, and consequently, his sentence; or it is an allegation that his constitutional right to due process was violated. In either case, such a case would be cognizable under the PCRA. Therefore, [Cobbs'] *habeas corpus* petition constitutes a PCRA petition.

**Id.**, at 4-5 (citations omitted). The same holds true in the instant appeal. Thus, we review the denial of post-conviction relief under the PCRA.

Before addressing Cobbs' remaining issues, however, we must first determine whether the PCRA court correctly determined that the current PCRA

petition was untimely filed. This Court's standard of review regarding an order dismissing a petition under the PCRA is to ascertain whether "the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Barndt*, 74 A.3d 185, 191-92 (Pa. Super. 2013) (citations omitted).

Generally, a petition for relief under the PCRA, including a second or subsequent petition, must be filed within one year of the date the judgment is final unless the petition alleges, and the petitioner proves, that an exception to the time for filing the petition, set forth at 42 Pa.C.S.A. sections 9545(b)(1)(i), (ii), and (iii), is met.[1] A PCRA petition invoking one of these

---

[1] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference of government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States.

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. §§ 9545(b)(1)(i), (ii), and (iii).

statutory exceptions must "be filed within 60 days of the date the claims could have been presented." ***See Commonwealth v. Hernandez***, 79 A.3d 649, 651-52 (Pa. Super. 2013) (citations omitted); ***see also*** 42 Pa.C.S.A. § 9545(b)(2).[2]  Asserted exceptions to the time restrictions for a PCRA petition must be included in the petition, and may not be raised for the first time on appeal.  ***Commonwealth v. Furgess***, 149 A.3d 90 (Pa. Super. 2016).

In ***Cobbs***, ***supra***, this Court previously determined that his serial PCRA petition was untimely:

> Here, the Pennsylvania Supreme Court denied [Cobbs'] petition for allowance of appeal on May 21, 1998.  Thus, [Cobbs'] judgment of sentence became final 90 days thereafter, or on August 19, 1998.  Consequently, [Cobbs] had until August 19, 1999, to file a timely PCRA petition.  He did not file the instant petition until July 16, 2013.  [Cobbs] was required to plead and prove in his PCRA petition that one of the above-stated exceptions applied to his claim(s). [Cobbs] did not plead an exception to the PCRA time-bar in his petition, and so his PCRA petition was untimely filed. Accordingly, we conclude that the court did not err in denying it.

***Cobbs***, unpublished memorandum at 6-7 (citations omitted).

The same date of finality applies to the PCRA petition at issue. Additionally, Cobbs has failed to acknowledge let alone prove any of the three exceptions to the PCRA's time bar.  Instead, he reiterates his claim regarding the refiling of the criminal informations that we already rejected in 2014.  Not

---

[2] Section 9545(b)(2) has since been amended to enlarge this period from sixty days to one year.  ***See*** Act of 2018, October 24, P.L. 894, No. 146, §§ 2 and 3.  The sixty-day time period applies in this appeal.

- 6 -

only does this claim not establish a time-bar exception, but it is also "previously litigated" under the PCRA.  ***See*** 42 Pa.C.S.A. § 9544(a).

In sum, the PCRA court properly concluded that Cobbs' latest filing should be treated as a serial PCRA petition.  Because it is patently untimely, and Cobbs failed to allege and prove a time-bar exception, we affirm the PCRA court's order denying post-conviction relief.[3]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  10/18/2019

---

[3] As recited ***supra***, contrary to Cobbs' contention, the PCRA court did issue proper Rule 907 notice before dismissing Cobb's fifth petition.  However, even if it had failed to do so, when the petition is otherwise untimely, this procedural misstep would not constitute reversible error.  ***See Commonwealth v. Lawson***, 90 A.3d 1, 5 (Pa. Super. 2014).